```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

HOUSTON SPECIALTY INSURANCE
COMPANY,

      Plaintiff,

v.                                  Case No: 2:15-cv-219-FtM-29DNF

TITLEWORKS OF SOUTHWEST
FLORIDA, INC., MIKHAIL
TRAKHTENBERG, and WESTCOR
LAND TITLE INSURANCE
COMPANY,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Defendants' Motions to Dismiss (Docs. ##5, 8) filed on May 8 and May 12, 2015. Plaintiff filed Responses (Docs. ##16, 17) on June 1, 2015. For the reasons set forth below, Defendant Titleworks of Southwest Florida, Inc.'s Motion to Dismiss (Doc. #5) is denied and Defendant Westcor Land Title Insurance Company's Motion to Dismiss (Doc. #8) is granted.

**I.**

Plaintiff Houston Specialty Insurance Company (Plaintiff or HSIC) has filed a Complaint (Doc. #1) against Defendants Titleworks of Southwest Florida, Inc. (Titleworks), Mikhail Trakhtenberg (Trakhtenberg), and Westcor Land Title Insurance Company (Westcor)

seeking declaratory relief regarding coverage under an insurance policy. The underlying facts, as set forth in the Complaint, are as follows:

In 2014, HSIC issued a professional liability insurance policy (the Liability Policy) to Titleworks. (Id. at ¶ 9.) The Liability Policy is effective from August 2, 2014 through August 2, 2015 with a "Retroactive Date" of August 2, 2005 and "Prior and Pending Litigation Date" of August 2, 2014. (Id. at ¶ 10.) On August 22, 2014, Trakhtenberg filed suit against Titleworks in Florida state court. (Id. at ¶ 12.) In that suit, Trakhtenberg alleges that he retained Titleworks as his closing agent and title examiner for the purchase of real property and that Titleworks failed to uncover certain defects in title. (Id.) As a result, Trakhtenberg purchased the property unaware that it was encumbered by over $2 million in liens. (Id.) Pursuant to the Liability Policy, Titleworks requested that HSIC provide a defense against Trakhtenberg's lawsuit, and HSIC did so. (Id. at ¶ 13.)

Trakhtenberg also purchased a title insurance policy (the Title Insurance Policy) from Westcor. The Title Insurance Policy affords coverage for certain claims of clouded title on the same parcel of property purchased by Trakhtenberg for which Titleworks served as closing agent and title examiner. (Id. at ¶ 16.) In response to an interrogatory served by Titleworks in the state court lawsuit, Trakhtenberg stated that he spoke with a Titleworks

representative in July 2014 concerning the title defects. (Id. at ¶ 14.) During that conversation, the Titleworks representative told Trakhtenberg that Titleworks had "missed" the clouded title and, as a result, Trakhtenberg could "go after [Titleworks] or go after his title insurance." (Id.)

According to HSIC, Trakhtenberg's interrogatory response demonstrates that Titleworks knew of Trakhtenberg's claims against it (e.g., its failure to uncover title defects) prior to the Liability Policy's August 2, 2014 inception date. (Id. at ¶¶ 18-21.) As a result, HSIC alleges that the Liability Policy does not cover Trakhtenberg's claims against Titleworks in the state court law suit. (Id.) Based on these allegations, HSIC seeks a judgment declaring that it has no duty to defend Titleworks against Trakhtenberg's lawsuit because there is no coverage under the Liability Policy for those claims. (Id.) Titleworks now moves to dismiss, arguing that HSIC's claim for declaratory relief is inadequately pled. Westcor also moves to dismiss, arguing that it is not a necessary party to this case.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

3

do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

**A.   Titleworks's Motion To Dismiss**

HSIC seeks a declaratory judgment that Trakhtenberg's claim against Titleworks is not covered by the Liability Policy because Titleworks became aware of the claim before the Liability Policy's inception date.  Florida's[1] Declaratory Judgment Act permits an insurer to "pursue a declaratory action which requires a determination of the existence or nonexistence of a fact upon which the insurer's obligations under an insurance policy depend." Higgins v. State Farm Fire & Cas. Co., 894 So. 2d 5, 12 (Fla. 2004).  That is precisely what HSIC requests here.  HSIC seeks to prove the date Titleworks became aware of Trakhtenberg's claims and requests a declaration of its obligations under the Liability Policy in light of that factual determination.

Titleworks argues that the Complaint must be dismissed because HSIC has not alleged that Titleworks made any misrepresentations when applying for the Liability Policy or that HSIC issued the Liability Policy in reliance on such misrepresentations.  If HSIC was alleging that Titleworks made misrepresentations that induced HSIC to issue the Liability Policy, Titleworks would be correct that HSIC's failure to plead

---

[1] The substantive law of Florida applies in this diversity case. Lundgren v. McDaniel, 814 F. 2d 600, 605 (11th Cir. 1999).

5

the content of the misrepresentations or allege that it relied upon them would be fatal to its claim. See Miguel v. Metro. Life Ins. Co., 200 F. App'x 961, 965 (11th Cir. 2006) (a claim for rescission of an insurance policy requires insurer to prove that insured made a material misrepresentation in the insurance application). However, that is not the case here. HSIC is seeking a declaration of its duties under the Liability Policy, and the sole issue is whether the Liability Policy, when enforced according to its terms, covers Trakhtenberg's claims. The existence of misrepresentations is irrelevant to that determination and, accordingly, Titleworks's motion is denied.

**B.   Westcor's Motion to Dismiss**

As explained above, HSIC seeks a determination of its obligations under the Liability Policy. Westcor is not a party to the Liability Policy, and HSIC does not allege that Westcor's obligations under the Title Insurance Policy will impact the coverage determination at issue here. Indeed, the Complaint's prayer for relief does not request that the Court make any determination at all regarding Westcor or the Title Insurance Policy. Instead, HSIC alleges that Westcor's presence in this lawsuit is required because Westcor "does or may" have a duty to clear title to the property purchased by Trakhtenberg "and thus does or may have an interest in the outcome of this action." (Doc.

6

#1, ¶ 16.) Westcor argues that these allegations are insufficient to require its presence.

Rule 19 requires a person to be joined in an action if, "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). In the context of a dispute regarding insurance coverage for a lawsuit against an insured, Rule 19 requires joinder of the plaintiff in the underlying lawsuit because that plaintiff's ability to recover against the insured would be impacted by the presence or absence of insurance coverage. Am. Safety Cas. Ins. Co. v. Condor Assocs., 129 F. App'x 540, 542 (11th Cir. 2005). Thus, to ensure that the coverage dispute will be litigated only once, the underlying tort plaintiff must be joined in the declaratory action.

Here, under Condor, Trakhtenberg is an indispensable party because his ability to recover damages in his suit against Titleworks is impacted by the availability of HSIC's insurance coverage. Accordingly, Trakhtenberg must be present so that there is no need to relitigate HSIC's coverage obligations in Trakhtenberg's lawsuit against Titleworks. HSIC argues that Westcor is similarly indispensable because it has the potential to

7

subrogate to Trakhtenberg's rights against Titleworks should it clear title to Trakhtenberg's property or otherwise compensate Trakhtenberg pursuant to the Title Insurance Policy. As a result, HSIC argues that Westcor and Trakhtenberg are one and the same for the purposes of this lawsuit. Thus, HSIC asserts that because Trakhtenberg is an indispensable party, so too is Westcor.

The Court disagrees. The Complaint alleges only that Westcor "does or may" have an obligation to compensate Trakhtenberg. It does not allege that any compensation has been made or that Westcor possesses any rights against Titleworks. The Court concludes that the mere potential for Westcor to acquire such rights in the future is too speculative to render Westcor a necessary party here. See Fla. Dep't of Ins. v. Guarantee Trust Life Ins. Co., 812 So. 2d 459, 460-61 (Fla. 1st DCA 2002) ("Florida courts will not render, in the form of a declaratory judgment, what amounts to an advisory opinion at the instance of parties who show merely the possibility of legal injury on the basis of a hypothetical state of facts which have not arisen and are only contingent, uncertain, and rest in the future.") (citations and quotations omitted). Accordingly, Westcor's motion is granted. HSIC will be given leave to amend.

Accordingly, it is now

**ORDERED:**

1. Defendant Titleworks of Southwest Florida, Inc.'s Motion to Dismiss (Doc. #5) is **DENIED.**

8

   2.   Defendant Westcor Land Title Insurance Company's Motion to Dismiss (Doc. #8) is **GRANTED**.  As to Defendant Westcor Land Title Insurance Company only, the Complaint is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

   **DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of June, 2015.

                                   _____
                                   JOHN E. STEELE
                                   SENIOR UNITED STATES DISTRICT JUDGE


Copies: Counsel of record