```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION

HOUSTON SPECIALTY INSURANCE
COMPANY,

     Plaintiff,

v.                                   Case No: 2:15-cv-219-FtM-29DNF

TITLEWORKS OF SOUTHWEST
FLORIDA, INC., MIKHAIL
TRAKHTENBERG, and WESTCOR
LAND TITLE INSURANCE
COMPANY,

     Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant Westcor Land Title Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #25) filed on August 20, 2015. Plaintiff filed a Response (Doc. #27) on September 3, 2015. For the reasons set forth below, the motion is denied.

**I.**

Plaintiff Houston Specialty Insurance Company (Plaintiff or HSIC) has filed a single-count Amended Complaint (Doc. #24) against Defendants Titleworks of Southwest Florida, Inc. (Titleworks), Mikhail Trakhtenberg (Trakhtenberg), and Westcor Land Title Insurance Company (Westcor) seeking declaratory relief regarding

coverage under an insurance policy. The underlying facts, as set forth in the Amended Complaint, are as follows:

In 2014, HSIC issued a professional liability insurance policy (the Liability Policy) to Titleworks. (Id. at ¶ 9.) The Liability Policy is effective from August 2, 2014 through August 2, 2015 with a "Retroactive Date" of August 2, 2005 and "Prior and Pending Litigation Date" of August 2, 2014. (Id. at ¶ 10.)

On August 22, 2014, Trakhtenberg filed suit against Titleworks in Florida state court. (Id. at ¶¶ 11-12.) In that suit, Trakhtenberg alleges that he retained Titleworks as his closing agent and title examiner for the purchase of real property and that Titleworks failed to uncover certain defects in title. (Id.) As a result, Trakhtenberg purchased the property (the Property) unaware that it was encumbered by over $2 million in liens. (Id.) Pursuant to the Liability Policy, Titleworks requested that HSIC provide a defense against Trakhtenberg's lawsuit, and HSIC did so. (Id. at ¶ 13.)

Trakhtenberg also had purchased a title insurance policy (the Title Insurance Policy) from Westcor. The Title Insurance Policy affords coverage for certain claims of clouded title on the Property. (Id. at ¶ 16.) Pursuant to the Title Insurance Policy, Westcor has attempted to clear title to the Property by filing a separate state court lawsuit which, in essence, seeks to quiet

title to the Property in favor of Trakhtenberg. (Id. at ¶ 19.) Titleworks and Westcor have a separate contractual relationship whereby Titleworks is permitted to issue title insurance policies on behalf of Westcor, including the Title Insurance Policy at issue here. (Id. at ¶ 22.) In exchange, Titleworks executed an agency agreement which allows Westcor to recover from Titleworks any losses Westcor incurs as a result of its obligations to clear title. (Id.) As a result, Westcor has requested that Titleworks put HSIC on notice of a claim stemming from Titleworks' alleged negligence and breach of fiduciary duty in connection with the Property. (Id. at ¶ 24.)

In response to an interrogatory served by Titleworks in the state court lawsuit, Trakhtenberg stated that he spoke with a Titleworks representative in July 2014 concerning the title defects. (Id. at ¶ 14.) During that conversation, the Titleworks representative told Trakhtenberg that Titleworks had "missed" the clouded title and, as a result, Trakhtenberg could "go after [Titleworks] or go after his title insurance." (Id.)

According to HSIC, Trakhtenberg's interrogatory response demonstrates that Titleworks knew of Trakhtenberg's claims against it (e.g., its failure to uncover title defects) prior to the Liability Policy's August 2, 2014 inception date. (Id. at ¶¶ 26-31.) As a result, HSIC alleges that the Liability Policy does not

3

cover Trakhtenberg's claims against Titleworks in the state court law suit. (Id.) HSIC further alleges that any amounts paid by Titleworks to Westcor would be part of the same "Claim" (as defined in the Liability Policy) made by Trakhtenberg against Titleworks. (Id.) Thus, HSIC contends that the Liability Policy also does not cover any claims brought by Westcor against Titleworks. (Id.) Based on these allegations, HSIC seeks a declaratory judgment that it has no duty to defend Titleworks against Trakhtenberg's lawsuit and/or any related claims brought against Titleworks by Westcor. (Id.) Westcor now moves to dismiss, arguing that the Court does not have subject matter jurisdiction over HSIC's request for a declaratory judgment as it pertains to Westcor.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires

4

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action if the Court lack subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When reviewing a 12(b)(1) motion to dismiss, the Court construes the allegations in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 237 (1974); Cole v. United States, 755 F.2d 873, 878 (11th Cir. 1985).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus,

the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

As explained above, HSIC seeks a determination of its obligations under the Liability Policy. Specifically, HSIC seeks a declaratory judgment (1) that it has no duty to defend or indemnify Titleworks against Trakhtenberg's lawsuit; and (2) that it has no duty to defend or indemnify Titleworks against any claims brought by Westcor. For the purposes of Westcor's motion, only the second request is at issue. Westcor argues that the HSIC's request for a declaratory judgment concerning *Westcor's* claims against Titleworks must be dismissed because the Court lacks subject matter jurisdiction. In the alternative, Westcor argues that it should be dismissed from this case because it has no legal interest in the coverage dispute and, therefore, it is not a necessary party.

**A. Whether the Court Has Subject Matter Jurisdiction over HSIC'S Request for a Declaratory Judgment Concerning Westcor's Potential Claim against Titleworks**

HSIC brings the case pursuant to the Declaratory Judgment Act. (Doc. #24, ¶ 1.) "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or

6

controversies." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). Thus, federal district courts lack subject matter jurisdiction over suits which do not present an ongoing case or controversy. Esteves v. SunTrust Banks, Inc., No. 14-13105, 2015 WL 4100064, at *4 (11th Cir. July 8, 2015). Echoing that requirement, the Declaratory Judgment Act specifically provides that a declaratory judgment may be issued only in the case of an "actual controversy." 28 U.S.C. § 2201(a); see also Walden v. CDC, 669 F.3d 1277, 1284 (11th Cir. 2012). The Supreme Court has summarized the requirements of such an actual controversy as follows: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126 (2007).

In the context of an insurance coverage dispute, a plaintiff-insurer typically demonstrates the existence of a justiciable controversy by alleging that the insured has made a demand for coverage under the insurance policy or that the insured is liable to an injured party. However, the existence of actual liability by the insured is not required, and the mere fact that "the [insured's] liability may be contingent does not necessarily

7

defeat jurisdiction of a declaratory judgment action." GTE Directories Pub. Corp. v. Trimen Am., Inc., 67 F.3d 1563, 1569 (11th Cir. 1995) (quoting Associated Indem. v. Fairchild Industries, 961 F.2d 32, 35 (2nd Cir. 1992)). "Rather, the practical likelihood that the contingencies will occur and that the controversy is a real one should be decisive in determining whether an actual controversy exists." Id. (quoting 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2757, at 587 (2d ed. 1983)). Indeed, as explained by the Eleventh Circuit in GTE, a declaratory judgment may be appropriate even if *both* the claim by the injured party against the insured *and* the resulting coverage request by the insured to the insurer have yet to occur:

> It is clear that in some instances a declaratory judgment is proper even though there are future contingencies that will determine whether a controversy ever actually becomes real. The familiar type of suit in which a liability insurer seeks a declaration that it will not be liable to indemnify an insured person for any damages the injured person may recover against the insured is an example. The injured person may not sue or he may not obtain a judgment against the insured, but there is held to be sufficient controversy between the insurer and the injured person that a declaratory judgment is permissible.

Id. (quoting Wright & Miller § 2757, at 586). However, a "remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory

judgments." Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1347 (11th Cir. 1999) (quoting Emory v. Peeler, 756 F.2d 1547, 1551-52 (11th Cir. 1985)).

The double-contingency scenario outlined in GTE is precisely the case we have here.  HSIC does not allege that Titleworks has made a request for coverage under the Liability Policy for a claim by Westcor.  Nor does HSIC allege that Westcor has made a demand to Titleworks in the first instance.  Instead, HSIC alleges (1) that Westcor is currently incurring expenses in an attempt to clear title to the Property; (2) that Westcor has a contractual and common law right to recover those expenses from Titleworks; and (3) that Westcor requested that Titleworks put HSIC on notice of a claim Westcor may have against Titleworks.  Based upon the potential for Westcor to bring a claim against Titleworks, HSIC seeks a determination that the Liability Policy does not provide coverage.  Thus, to determine the existence of a justiciable controversy, the Court must address the "practical likelihood" that Westcor will bring a claim against Titleworks and that, in turn, Titleworks will request coverage from HSIC pursuant to the Liability Policy.  GTE, 67 F.3d at 1569.

Taking the allegations in the Amended Complaint as true, Westcor is currently incurring expenses in an attempt to clear title to the Property, and Westcor has a contractual and common

law right to recover those expenses from Titleworks. Thus, the practical likelihood that Westcor ultimately seeks recovery from Titleworks (the first necessary contingency) is quite high. The second necessary contingency requires Titleworks to seek coverage under the Liability Policy for Westcor's claim. It is undisputed that Titleworks has sought coverage for Trakhtenberg's claim, and it is alleged that Westcor's claim is equivalent to Trakhtenberg's for the purposes of the Liability Policy. Thus, as alleged, the likelihood that the second contingency occurs is also quite high. As a result, the Court concludes that it is highly likely that, at the conclusion of Westcor's attempt to clear title to the Property, HSIC will be faced with a request to cover Westcor's expenses via a claim by Titleworks under the Liability Policy. Accordingly, under the facts alleged in the Amended Complaint, the Court concludes that there is a legal conflict between HSIC and Titleworks of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**B.    Whether Westcor is a Necessary Party**

As set forth above, the Court concludes that it possesses subject matter jurisdiction over HSIC's request for a declaratory judgment concerning coverage under the Liability Policy for Westcor's potential claim against Titleworks. Nevertheless, Westcor argues that they should be dismissed as a Defendant because

10

HSIC has failed to state a claim for declaratory relief against Westcor (as opposed to a claim against Titleworks). In essence, Westcor contends that it is not a necessary party to this case because Westcor does not have a legal interest in the outcome of the coverage dispute between HSIC and Titleworks. The Court disagrees.

Rule 19 of the Federal Rules of Civil Procedure requires a person to be joined in an action if, "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). In the context of a dispute regarding insurance coverage, Rule 19 requires joinder of a plaintiff in an underlying lawsuit against an insured because that plaintiff's ability to recover against the insured would be impacted by the presence or absence of insurance coverage. Am. Safety Cas. Ins. Co. v. Condor Assocs., 129 F. App'x 540, 542 (11th Cir. 2005). Thus, to ensure that the coverage dispute will be litigated only once, the underlying tort plaintiff must be joined in the declaratory action. Id.

Here, under Condor, Trakhtenberg is an indispensable party because his ability to recover damages in his suit against

11

Titleworks is impacted by the availability of HSIC's insurance coverage. As alleged in the Amended Complaint, Trakhtenberg's and Westcor's right to recovery from Titleworks are part of the same "Claim" for the purposes of the Liability Policy. (Doc. #24, ¶ 29.) Taking those allegations as true, Westcor's ability to recover from Titleworks the amounts Westcor pays in connection with clearing title to the Property is likewise impacted by the presence or absence of HSIC's insurance coverage. Thus, to ensure that the coverage dispute is litigated only once, both Westcor and Trakhtenberg must be joined in this action. Condor, 129 F. App'x at 542.

Accordingly, it is now

**ORDERED:**

Defendant Westcor Land Title Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #25) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of September, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record