```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION

HOUSTON SPECIALTY INSURANCE
COMPANY,

      Plaintiff,

v.                                   Case No: 2:15-cv-219-FtM-29MRM

TITLEWORKS   OF   SOUTHWEST
FLORIDA,   INC.,   MIKHAIL
TRAKHTENBERG,  and  WESTCOR
LAND    TITLE    INSURANCE
COMPANY,

      Defendants.
```

## OPINION AND ORDER

This matter comes before the Court on Defendant Westcor Land Title Insurance Company's Motion for Limited Stay of Proceedings (Doc. #29) filed on October 7, 2015. Plaintiff filed a Response (Doc. #30) on October 21, 2015. For the reasons set forth below, the motion is denied.

**I.**

Plaintiff Houston Specialty Insurance Company (Plaintiff or HSIC) has filed a single-count Amended Complaint (Doc. #24) against Defendants Titleworks of Southwest Florida, Inc. (Titleworks), Mikhail Trakhtenberg (Trakhtenberg), and Westcor Land Title Insurance Company (Westcor) seeking declaratory relief regarding coverage under an insurance policy. The underlying facts, as set forth in the Amended Complaint, are as follows:

In 2014, HSIC issued a professional liability insurance policy (the Liability Policy) to Titleworks. (Id. at ¶ 9.) The Liability Policy is effective from August 2, 2014 through August 2, 2015 with a "Retroactive Date" of August 2, 2005 and "Prior and Pending Litigation Date" of August 2, 2014. (Id. at ¶ 10.)

On August 22, 2014, Trakhtenberg filed suit against Titleworks in Florida state court. (Id. at ¶¶ 11-12.) In that suit (the Underlying Action), Trakhtenberg alleges that he retained Titleworks as his closing agent and title examiner for the purchase of real property and that Titleworks failed to uncover certain defects in title. (Id.) As a result, Trakhtenberg purchased the property (the Property) unaware that it was encumbered by over $2 million in liens. (Id.) Pursuant to the Liability Policy, Titleworks requested that HSIC provide a defense against Trakhtenberg's lawsuit, and HSIC did so. (Id. at ¶ 13.)

Trakhtenberg also had purchased a title insurance policy (the Title Insurance Policy) from Westcor. The Title Insurance Policy affords coverage for certain claims of clouded title on the Property. (Id. at ¶ 16.) Pursuant to the Title Insurance Policy, Westcor has attempted to clear title to the Property by filing a separate state court lawsuit (the Equitable Lien Action) which, in essence, seeks to quiet title to the Property in favor of Trakhtenberg. (Id. at ¶ 19.)

Titleworks and Westcor have a separate contractual relationship whereby Titleworks is permitted to issue title insurance policies on behalf of Westcor, including the Title Insurance Policy at issue here. (Id. at ¶ 22.) In exchange, Titleworks executed an agency agreement which allows Westcor to recover from Titleworks any losses Westcor incurs as a result of its obligations to clear title. (Id.) As a result, Westcor has requested that Titleworks put HSIC on notice of a claim stemming from Titleworks' alleged negligence and breach of fiduciary duty in connection with the Property. (Id. at ¶ 24.)

In response to an interrogatory served by Titleworks in the Underlying Action, Trakhtenberg stated that he spoke with a Titleworks representative in July 2014 concerning the title defects. (Id. at ¶ 14.) During that conversation, the Titleworks representative told Trakhtenberg that Titleworks had "missed" the clouded title and, as a result, Trakhtenberg could "go after [Titleworks] or go after his title insurance." (Id.)

According to HSIC, Trakhtenberg's interrogatory response demonstrates that Titleworks knew of Trakhtenberg's claims against it (e.g., its failure to uncover title defects) prior to the Liability Policy's August 2, 2014 inception date. (Id. at ¶¶ 26-31.) As a result, HSIC alleges that the Liability Policy does not cover Trakhtenberg's claims against Titleworks in the Underlying Action. (Id.) HSIC further alleges that any amounts paid by

Titleworks to Westcor would be part of the same "Claim" (as defined in the Liability Policy) made by Trakhtenberg against Titleworks. (Id.)  Thus, HSIC contends that the Liability Policy also does not cover any claims brought by Westcor against Titleworks. (Id.) Based on these allegations, HSIC seeks a declaratory judgment that it has no duty to defend Titleworks in the Underlying Action and/or any related claims brought against Titleworks by Westcor. (Id.)

Westcor now moves to stay these proceedings until January 1, 2016 to allow for the potential resolution of the Equitable Lien Action, arguing that these proceedings would be substantially impacted by the outcome.  HSIC opposes the stay because it would not relieve HSIC of its continuing obligation to defend Titleworks in the Underlying Action, which is the basis of the coverage dispute at issue here.

## II.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997).  In cases seeking a declaratory judgment, a district court may exercise its discretion to stay proceedings "in the face of parallel litigation in the state courts." Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1331 (11th Cir. 2005).  "The party moving for a stay bears the burden of demonstrating that it is appropriate." Harris Corp. v.

Rembrandt Technologies, LP, No. 07-CV-796, 2007 WL 2757372, at *1 (M.D. Fla. Sept. 20, 2007).

The ultimate issue here is HSIC's coverage obligation under the Title Insurance Policy. Specifically, HSIC seeks a determination that it need not defend or indemnify Titleworks in the Underlying Action, and a determination that it need not provide coverage for any related claims brought by Westcor against Titleworks. Westcor is correct that if the Equitable Lien Action succeeds and Trakhtenberg obtains clear title to the Property, it will substantially impact, and potentially resolve, the Underlying Action. However, a resolution of the Underlying Action would not resolve the coverage dispute here because HSIC would nevertheless seek a determination of its coverage obligations. See Indem. Ins. Co. of N. Am. v. Ridenour, 629 So. 2d 1053, 1054 (Fla. 2d DCA 1993) (reversing trial court's decision to stay declaratory action pending resolution of underlying liability action because "providing a defense where no obligation to do so exists has been recognized as 'irreparable injury'").

Likewise, even if the Equitable Lien Action is resolved in Trakhtenberg's favor, it is alleged that Westcor may seek to recover from Titleworks its expenses in connection with the Equitable Lien action and, in turn, that Titleworks may seek coverage for those expenses from HSIC under the Title Insurance Policy. In sum, the coverage disputes at issue now will remain

in some form even if the Equitable Lien Action succeeds. Moreover, a stay would unfairly prejudice HSIC, who is continuing to defend Titleworks in the Underlying Action. Therefore, the Court concludes that Westcor has not met its burden of demonstrating that a stay is appropriate.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Limited Stay of Proceedings (Doc. #29) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __10th__ day of November, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record