UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOUSTON SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.                                 Case No:   2:15-cv-219-FtM-29MRM

TITLEWORKS OF SOUTHWEST
FLORIDA, INC., MIKHAIL
TRAKHTENBERG and WESTCOR LAND
TITLE INSURANCE COMPANY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court are the following:

1) Houston Specialty Insurance Company's Motion for Leave to File Amended Complaint (Doc. 99) filed on October 8, 2016;

2) Titleworks of Southwest Florida, Inc.'s Response (Doc. 102) filed on October 12, 2016;

3) Mikhail Trakhtenberg's Response (Doc. 104) filed on October 12, 2016; and

4) Westcor Land Title Insurance Company's Response (Doc. 105) filed on October 13, 2016.[1]

---

[1] In a Text Order (Doc. 101), the Court required Defendants to file, no later than noon on October 13, 2016, expedited responses to the Motion for Leave to File Amended Complaint (Doc. 99). Westcor Land Insurance Company filed its Response (Doc. 105) at 2:15 p.m. on October 13, 2016. Although filed after the deadline set by the Court, the Court will accept the late filing and consider the arguments set forth therein.

Plaintiff Houston Special Insurance Company ("Houston") requests that the Court allow it to file a Third Amended Complaint (Doc. 99-1) "to address and encompass the allegations and impact of a new civil action" filed in Florida state court in September 2016 by Westcor Land Title Insurance Company ("Westcor") against Titleworks of Southwest Florida, Inc. ("Titleworks"). (Doc. 99 at 1). Houston asserts that Titleworks has demanded coverage from Houston concerning this newly filed case. (Doc. 99 at 1). Titleworks, Westcor, and Mikhail Trakhtenberg ("Trakhtenberg") object to the filing of a Third Amended Complaint arguing, *inter alia*, that the request is untimely, Houston changed its legal theory of the case, and Houston failed to show good cause. (*See* Docs. 102, 104, 105).

## I. Background

On April 6, 2015, Houston filed the original Complaint (Doc. 1), seeking a declaration that it was under no obligation to defend Titleworks in an underlying Florida state-court action. (*See* Doc. 1 at 6). For purposes of the Motion for Leave to File Amended Complaint (Doc. 99), the Court will summarize the background facts in the operative Second Amended Complaint for Declaratory Relief (Doc. 51) filed on March 24, 2016, and supplement it with the new allegations from the proposed Third Amended Complaint for Declaratory Relief (Doc. 99-1).

### A. Second Amended Complaint (Doc. 51)

In 2014, Houston issued a professional liability insurance policy ("Policy") to Titleworks. (Doc. 51 at ¶ 8). The effective date of the Policy was from August 2, 2014 through August 2, 2015, with a Retroactive Date of August 2, 2005 and Prior and Pending Litigation Date of August 2, 2014. (Doc. 51 at ¶10). On August 22, 2014, Trakhtenberg filed suit against Titleworks in Florida state court. (Doc. 51 at ¶ 11). In that suit, Trakhtenberg alleges that he retained Titleworks as his closing agent and title examiner for the purchase of real property in

Lee County, Florida and that Titleworks failed to uncover defects in the title prior to closing. (Doc. 51 at ¶ 12). Trakhtenberg purchased the property allegedly encumbered with over $2 million in liens. (Doc. 51 at ¶ 12).

Westcor – through its agent, Titleworks – issued Trakhtenberg a title insurance policy that affords coverage for certain claims of clouded title on the real property purchased by Trakhtenberg, which is the subject of the Underlying Florida state-court action. (Doc. 51 at ¶ 16). "Westcor therefore has a duty under its policy to clear title to the subject real property and[,] thus[,] has an interest in the outcome of this action and the Underlying Action." (Doc. 51 at ¶ 16). "Westcor has retained counsel to pursue a lawsuit against the holders of the liens encumbering the real property purchased by Trakhtenberg, which is the subject of the Underlying Action." (Doc. 51 at ¶ 17). On March 16, 2015, Westcor filed suit on behalf of Trakhtenberg in Florida state court ("Quiet Title Action"), asserting that Trakhtenberg is entitled to an equitable lien on the subject real property superior to the right of any other lien holder. (Doc. 51 at ¶ 19).

> In order to issue title policies on behalf of Westcor, Titleworks signed an agency agreement which allows Westcor to seek recovery of amounts paid in connection with clearing title to the subject real property from Titleworks. Thus, Westcor has contractual and common law rights against Titleworks for any loss incurred whether in the Quiet Title Action, or otherwise as a result of Titleworks' alleged negligence and breach of fiduciary duty. [ ] Westcor previously requested that Titleworks put [Houston] on notice of a claim stemming from Titlework's alleged negligence and breach of fiduciary duty.

(Doc. 51 at ¶¶ 22, 23, 24).

In the Count for Declaratory Relief, Houston asserts that it is not obligated to defend or indemnify Titleworks for claims alleged in the Florida state-court action by Trakhtenberg "because Titleworks, through its representative, Michael J. Rich, had *actual knowledge of the Claim,* as that term is defined by the Policy, prior to the Policy inception date." (Doc. 51 at ¶ 28)

3

(emphasis added). Further, Houston alleges it "is not obligated to defend or indemnify Titleworks for any claims possessed by Westcor for the same reason it is not obligated to defend or indemnify Titleworks, as the Titleworks claim and a claim by Westcor are a single Claim as defined by the Policy." (Doc. 51 at ¶ 29). Houston claims that it is in doubt as to its rights and obligations under the Policy and is in doubt regarding "Westcor's duties and obligations to Trakhtenberg." (Doc. 51 at ¶ 30). Finally, Houston requests that the Court declare, *inter alia*, that it is "under no obligation to provide a defense or indemnify Titleworks against any claim brought by Westcor." (Doc. 51 at 8). The Policy is attached as Exhibit A to the Second Amended Complaint. (*See* Doc. 51, Ex. A).

### B. Proposed Third Amended Complaint

Houston added allegations in the proposed Third Amended Complaint that on September 1, 2016, Westcor filed suit against Titleworks ("Westcor Action") in Florida state court. (Doc. 99-1 at ¶ 19). Titleworks tendered the Westcor Action to Houston. (Doc. 99-1 at ¶ 10). In the Count for Declaratory Relief, Houston asserts that it "is not obligated to defend or indemnify Titleworks for the claims alleged against it in the Underlying Action because Titleworks, through its representative, Michael J. Rich, *had knowledge of the actual or alleged Wrongful Act* prior to the inception date of the Policy." (Doc. 99-1 at ¶¶ 25, 26(a)) (emphasis added). Houston adds language from additional sections of the Policy – the entire Policy is attached as Exhibit A – and the following summarized allegations: (1) that there is no coverage for the Westcor Action for the same reasons that there is no coverage for the Underlying action because Titleworks had "knowledge of the actual or alleged Wrongful Act prior to the inception date of the Policy;" (2) some of the claims asserted by Westcor do not arise out of the rendering of professional services as defined in the Policy; (3) some claims asserted do not constitute "Wrongful Acts;" (4) the

Westcor Action was not a claim made or reported to Houston during the policy period; (5) the Westcor Action is not a Claim as defined in the Policy; (6) the Westcor Actions does not seek damages as defined in the Policy; (7) some of the claims asserted by Westcor are barred by the Title and Escrow Services Endorsement, B.5.; and (8) some of the claims asserted by Westcor are barred by Section III.M. (Doc. 99 at ¶ 26).

## II.     Analysis

Houston seeks leave to file the Third Amended Complaint to address and encompass the allegations and impact of the newly filed Westcor Action because Titleworks has demanded coverage from Houston for that action. (Doc. 99 at 1). Houston argues that it seeks to address the issues pertaining to contractual liability and coverage for the Westcor Action that were not anticipated by Houston. (Doc. 99 at 3). Houston seeks a complete resolution of the coverage dispute regarding all actions filed against Titleworks relating to the Trakhtenberg real property at issue rather than necessitating the filing of another action to address the issue of the Westcor Action. (Doc. 99 at 4). Houston claims that the Second Amended Complaint (Doc. 51) does not contain allegations that there is no coverage under the Policy for the claims and allegations regarding the Westcor Action. (Doc. 99 at 4).

Titleworks, Trakhtenberg, and Westcor argue that Houston failed to establish good cause under Fed. R. Civ. P. 16 to file a Third Amended Complaint. All three Defendants assert that the request for leave to amend is untimely pursuant to the parties' Case Management Report (Doc. 41-1). (*See* Docs. 102 at 2; 104 at 2; 105 at 3). Westcor specifically asserts that the Second Amended Complaint contains allegations that Houston is under no obligation to provide a defense or indemnify Titleworks against any claim brought by Westcor and, thus, there is no need for a Third Amended Complaint. (Doc. 105 at 4). All three Defendants assert that Houston

claims it is adding allegations regarding the Westcor Action, but in reality it is changing the theory of the case from Titleworks having actual knowledge of the "Claim" to Titleworks having knowledge of the actual or alleged "Wrongful Act." Moreover, all three Defendants claim prejudice if the Court allows Houston to file the Third Amended Complaint.

All three Defendants assert that Houston's Motion for Leave to File Amended Complaint (Doc. 99) is untimely because it was filed after the deadline to amend pleadings. Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." The decision whether to permit an amendment is within the sound discretion of the Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Supreme Court has held that the words "leave shall be freely given" must be heeded. *Id*. Consequently, the Court must find a justifiable reason to deny a request for leave to amend. *Id*. "[T]he Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile." *Taylor v. Florida State Fair Authority*, 875 F. Supp. 812, 815 (M.D. Fla. 1995) (citing *Foman*, 371 U.S. at 182); *see also Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1217 (11th Cir. 2004).

"However, the liberal amendment policy of Rule 15(a) is bounded by the deadlines set forth in the trial court's scheduling order pursuant to Federal Rule of Civil Procedure 16." *Vazquez v. LCM Inv. Grp., Inc.*, No. 6:05-cv-59-ORL-28DAB, 2006 WL 4835922, at *2 (M.D. Fla. Aug. 24, 2006) (Antoon, J.). "When a motion to amend is filed after a scheduling-order deadline, Federal Rule of Civil Procedure 16 controls. Under Rule 16, scheduling orders may be

modified only for good cause, and only when the schedule cannot be met despite the diligence of the party seeking the extension." *Pinero v. 4800 W. Flagler L.L.C.*, 430 F. App'x 866, 869 (11th Cir. 2011) (internal quotation marks omitted) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) (*per curiam*) (quoting Fed. R. Civ. P. 16 advisory committee's notes)).

In this case, the Case Management and Scheduling Order (Doc. 54) entered on April 1, 2016 does not contain a date for the deadline to amend pleadings. Instead, it indicates that the "Court enters this case management and scheduling order for all *unexpired* deadlines." (Doc. 54 at 1) (emphasis added). In addition, in footnote 1, the District Court accepted the late-filed Case Management Report (Doc. 41-1) and noted that "the parties have been following their agreed upon deadlines." (Doc. 54 at n.1). In the Case Management Report (Doc. 41-1 at 1), the parties agreed to the deadline of September 18, 2015 to add parties or to amend pleadings. Thus, the Court determines that the deadline to amend pleadings was September 18, 2015.

Houston filed its Motion for Leave to File Amended Complaint (Doc. 99) on October 8, 2016, over a year after the deadline to amend pleadings. When the Motion was filed, the discovery deadline had already expired as of June 3, 2016. (Doc. 54 at 1). Moreover, the dispositive motion deadline was October 14, 2016, with a trial scheduled to begin on the March 6, 2017 trial term.[2] (Doc. 97 at 1-2). The Motion for Leave to File Amended Complaint (Doc. 99) is untimely and Houston must show good cause to justify modification of the scheduling order to allow for the filing of the Third Amended Complaint.

---

[2] Due to the Motion being filed a mere six (6) days prior to the dispositive motion deadline and to avoid prejudice to the parties, the Court entered an Order (Doc. 107) holding the deadlines set in the Amended Case Management and Scheduling Order (Doc. 97) in abeyance until the Motion for Leave to File Amended Complaint is resolved.

To establish good cause under Rule 16(b) and "to justify a modification of a scheduling order, the movant must demonstrate that the scheduling order deadline could not have been met . . . 'despite the diligence of the party seeking the extension.'" *Vazquez*, 2006 WL 4835922, at *3 (quoting *Sosa*, 133 F.3d at 1419).  In the instant case Houston asserts that Westcor recently filed an action in Florida state court against Titleworks and, thus, to resolve the issues surrounding defending and indemnifying Titleworks in this newly filed action, Houston is justified in requesting leave to file a Third Amended Complaint.  (Doc. 99 at 5-6).  Houston fails to cite to Fed. R. Civ. 16 or to articulate good cause.

On the surface, Houston's argument – that it should be permitted to amend – seems to satisfy the Rule 16(b)(4) requirement of establishing good cause to file an untimely amended complaint.  *See* Fed. R. Civ. P. 16(b)(4).  The apparent good cause is that Westor only recently filed the new action against Titleworks relating to the same property purchased by Trakhtenberg that is the subject matter of the Second Amended Complaint.  If Houston had simply added allegations concerning this new state-court action filed by Westcor, the Court would be more inclined to allow the amendment.  In this case, however, Houston not only added allegations concerning this newly filed action by Westcor, but also changed other language in the Third Amended Complaint that arguably changes the theory of its case.

Specifically, in the Second Amended Complaint (Doc. 51), Houston alleges that it "is not obligated to defend or indemnify Titleworks for the claims alleged against it in the Underlying Action because Titleworks, through its representative, Michael J. Rich, had *actual knowledge of the Claim, as that term is defined by the Policy*, prior to the Policy inception."  (Doc. 51 at ¶ 28) (emphasis added).  In the proposed Third Amended Complaint, Houston inexplicably changes its allegations to say that it "is not obligated to defend or indemnify Titleworks for the claims

8

alleged against it in the Underlying Action because Titleworks, through its representative, Michael J. Rich, had *knowledge of the actual or alleged Wrongful Act* prior to the inception date of the Policy." (Doc. 99-1 at ¶ 25) (emphasis added). Houston does not supply a reason for this change in language that pertains to a material allegation underlying Houston's legal claims. Further, even though Houston has offered to waive any discovery as to the new allegations in the Third Amended Complaint, Defendants assert that this change is an entirely new theory of the case and that discovery would need to be reopened to allow them to explore the new theory.

Moreover, Houston failed to set forth any reason why it had not asserted this language in its original Complaint (Doc. 1), in the Amended Complaint (Doc. 24), or in the Second Amended Complaint (Doc. 51). Westcor's newly filed Florida state-court action appears to have no relation to this change in language to "Wrongful Act." Absent any argument to support a good cause showing or a showing of due diligence on behalf of Houston, the Court finds that Houston failed to show good cause as to why the requested amendment should be permitted over a year after the deadline to amend pleadings.

In addition, Houston failed to show that the operative Second Amended Complaint does not contain sufficient allegations concerning any action brought by Westcor against Titleworks related to the property purchased by Trakhtenberg. The Third Amended Complaint identifies the newly filed Westcor Action. (Doc. 99-1 at ¶ 19). It adds language from more provisions of the Policy, even though the entire document is attached as Exhibit A to the Second Amended Complaint. (Doc. 51 at ¶ 10). It sets forth a different theory as to the knowledge of Michael Rich, changing it from knowledge of the "Claim" to knowledge of the actual or alleged "Wrongful Act." (Doc. 51 at ¶ 28; Doc. 99-1 at ¶ 25). Finally, it lists the reasons why Houston

is not obligated to defend or indemnify Titleworks for the claims alleged against it by Westcor. (Doc. 99-1 at ¶ 26).

The Second Amended Complaint contains allegations that Westcor has contractual and common law rights against Titleworks for any loss incurred "whether in the Quiet Title Action, or otherwise as a result of Titleworks' alleged negligence and breach of fiduciary duty." (Doc. 51 at ¶ 23). Further, Houston alleges that "Westcor previously requested that Titleworks put [Houston] on notice of a claim stemming from Titlework's alleged negligence and breach of fiduciary duty." (Doc. 51 at ¶ 24). At the conclusion of the Second Amended Complaint, Houston requests that the Court "[d]eclare that [Houston] is under no obligation to provide a defense or indemnify Titleworks against *any claim brought by Westcor*." (Doc. 51 at 8) (emphasis added). In addition, Westcor asserts that in its Order (Doc. 28) denying Westcor's Motion to Dismiss, the District Court concluded that

> it is highly likely that, at the conclusion of Westcor's attempt to clear title to the Property, [Houston] will be faced with a request to cover Westcor's expenses via a claim by Titleworks under the Liability Policy. Accordingly, under the facts alleged in the Amended Complaint, the Court concludes that there is a legal conflict between [Houston] and Titleworks of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

(Doc. 28 at 10). Thus, Westcor asserts that Houston cannot argue that Westcor is a proper party for the purposes of the Motion to Dismiss and now assert that the Second Amended Complaint does not contain sufficient allegations regarding the action it recently brought against Titleworks. Houston clearly anticipated in drafting the Amended Complaint (Doc. 24) and the Second Amended Complaint (Doc. 51) that an action by Westcor would be filed against Titleworks concerning clearing title to the subject property. (*See* Doc. 27, Opposition to Motion to Dismiss). Houston fails to show how the Second Amended Complaint does not encompass the

Westcor Action's claims, with the exception of the arguable change in legal theory as to what knowledge Michael Rich possessed.

Lastly, if the Court permitted Houston to file a Third Amended Complaint, Defendants would suffer prejudice. This action was on the brink of the dispositive motion deadline when Houston requested leave to amend. The claims were established on March 24, 2016, when the Second Amended Complaint was filed. Even though the parties may not need additional discovery relating to Westcor's newly filed action against Titleworks, Defendants arguably would need to reopen discovery as to Houston's changing theory of the case as to the knowledge Michael Rich possessed as to the Claim versus his knowledge of the actual or alleged Wrongful Act. This action would be delayed to allow Defendants time to respond to the Third Amended Complaint, including the possibility that they would file motions to dismiss. Further this action would be delayed significantly to allow a sufficient period of time for additional discovery. The delays are prejudicial to Defendants in that Defendants were poised to either file dispositive motions on the operative Second Amended Complaint or begin preparing for trial if no dispositive motions were filed. In essence, to allow Houston to file the Third Amended Complaint, most of the deadlines in this case would need to be reset, even though this case has been pending for a year and a half. Given the untimeliness of Houston's motion, the lack of showing good cause for the delay, and the assertion of an arguably new theory of the case without a showing of due diligence, the Court respectfully recommends that the Motion for Leave to File Amended Complaint be denied.

**IT IS RESPECTFULLY RECOMMENDED:**

The Motion for Leave to File Amended Complaint (Doc. 99) be **DENIED**.

Respectfully recommended in Chambers in Ft. Myers, Florida on October 17, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties