```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

HOUSTON SPECIALTY INSURANCE
COMPANY,

         Plaintiff,

v.                                  Case No: 2:15-cv-219-FtM-29MRM

TITLEWORKS   OF   SOUTHWEST
FLORIDA,   INC.,    MIKHAIL
TRAKHTENBERG,  and  WESTCOR
LAND    TITLE    INSURANCE
COMPANY,

         Defendants.
_____
```

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #108), filed October 17, 2016, recommending that plaintiff's Motion for Leave to File Amended Complaint (Doc. #99) be denied.  Plaintiff Houston Specialty Insurance Company (plaintiff or Houston) filed an Objection to the Magistrate Judge's Report and Recommendations (Doc. #109).  Defendant Westcor Land Title Insurance Company (Westcor) filed a Response in Opposition (Doc. #110) and defendant Mikhail Trakhtenberg (Trakhtenberg) also filed a Response (Doc. #111) in opposition.  Defendant Titleworks of Southwest Florida, Inc. (Titleworks) filed a Notice of Joinder (Doc. #112) joining both responses.

On October 17, 2016, the Magistrate Judge recommended denial of plaintiff's request to file a Third Amended Complaint. In the proposed Third Amended Complaint, Houston seeks to add allegations regarding a September 1, 2016, suit filed by Westcor against Titleworks, and seeks declaratory relief that it is not obligated to defend or indemnify Titleworks for this second suit, or obligated to pay Westcor's attorney's fees and costs incurred in this declaratory judgment action. The magistrate judge found that the motion was untimely, that Houston failed to articulate good cause for also changing the theory of the case in the proposed amended complaint, and that such an amended complaint was prejudicial to defendants.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R.

1609, 94th Cong., § 2 (1976)).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

The Court finds no legal error by the magistrate judge. Plaintiff argues that the good cause standard under Rule 16(b) does not apply because there was no deadline for the parties to amend their pleadings, and therefore leave must be freely granted under Rule 15(a).  Plaintiff ignores, however, the clear language of the Case Management and Scheduling Order (Doc. #54) setting forth "all unexpired deadlines" after having accepted the parties' Case Management Report that the parties had thus far been following.  (Id., p. 1 & n.1.)  Therefore, as of the entry of this first Case Management and Scheduling Order (Doc. #54) on April 1, 2016, the deadline to amend pleadings had already passed.  The objection is overruled.

Plaintiff also asserts that defendants have not alleged any "real prejudice" that would result from a delay in the proceedings because trial is not scheduled until March 2017.  More specifically, plaintiff argues that it is not seeking to pursue a new theory, but rather that it is simply providing clarification of its theory.  The reason articulated to the Magistrate Judge for amending the complaint was to simply add the new lawsuit of Westcor; however plaintiff also elected to add additional language

in the proposed document to alter the allegations.[1] The Second Amended Complaint states that Houston is "not obligated to defend or indemnify Titleworks for any claims possessed by Westcor for the same reason it is not obligated to defend or indemnify Titleworks, as the Titleworks claim and a claim by Westcor are a single Claim as defined by the Policy."  (Doc. #51, ¶ 29.)  On April 28, 2016, Houston filed its Answer and Affirmative Defenses (Doc. #65) to Westcor's Counterclaim (Doc. #57), and included as the Fifth Affirmative Defense is Titleworks' knowledge of a wrongful act prior to the inception of the policy.  The proposed Third Amended Complaint (Doc. #99-1) was presented to the Magistrate Judge on October 8, 2016, and alleges that Houston in not obligated to defend or indemnify Titleworks for the claims against it in the first underlying action because Titleworks had knowledge of a wrongful act, and that Houston is similarly not obligated to defend or indemnify the new action for several reasons including the known wrongful act.  (Doc. #99-1, ¶¶ 25-26.)  No

---

[1] The Second Amended Complaint provides that Houston is not obligated to defend or indemnify Titleworks because Titleworks had actual knowledge of the Claim – meaning a written demand received by an insured based on any actual or alleged Wrongful Act - prior to the policy's inception.  (Doc. #51, ¶¶ 25, 28.)  The proposed Third Amended Complaint provides that Houston is not obligated to defend or indemnify Titleworks because Titleworks had knowledge of the actual or alleged Wrongful Act – meaning any actual or alleged breach of duty, negligent act, error, omission or personal injury committed by Titlewors - prior to the inception date of the policy. (Doc. #99-1, ¶ 25.)

explanation is provided for the undue delay in seeking to amend since Houston was clearly aware of its additional defense/position since its filing of the December 23, 2015 Affirmative Defenses (Doc. #34) to the original Counterclaim (Doc. #32). The Court finds that defendants would be prejudiced if plaintiff is permitted to amend at this stage of the proceedings. The objection will be overruled.

Plaintiff suggests that judicial economy favors allowing the amendment rather than compelling plaintiff to file a separate suit because it will prolong matters. Plaintiff makes this suggestion based on the belief that consolidation with this case would be appropriate upon filing the new suit. In this case, discovery is complete and the case will be trial ready if no dispositive motions are filed. It is not about the mere passage of time, but rather that plaintiff unduly delayed seeking the amendment after asserting a wrongful act as an affirmative defense and after its own corporate representative testimony pointed out the error in June 2016. (Doc. #109, p. 8.) This case will likely be decided and over before discovery is even completed in any new action filed. Therefore, the Court rejects this objection.

After a careful review of the findings and recommendations, as well as a *de novo* review[2] of the record in this case, the Court

---

[2] Defendant Trakhtenberg suggests that the standard of review is clearly erroneous or contrary to law, see doc. #111, pp. 3-4,

agrees with the Report and Recommendation of the magistrate judge and overrules the objection. The Court finds that the amendment would be highly prejudicial at this stage of the proceedings, and would essentially restart the entire case. Plaintiff maintains the ability to file a separate suit, and therefore is not prejudiced by the denial.

The remaining deadlines for the case were held in abeyance pending resolution of the motion. (Doc. #107.) As the motion to amend is now resolved, the remaining deadlines will be reset and extended as set forth below.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #108) is hereby **adopted** and the findings incorporated herein.

2. Plaintiff's Objection to Report and Recommendations is **overruled**.

3. Plaintiff's Motion for Leave to File Amended Complaint (Doc. #99) is **denied**.

---

and defendant Westcor also suggests that this standard applies to aspects of the ruling, doc. #110, pp. 4-5, 8, 12, 14, 16. This standard does not apply where the Report and Recommendation is issued on a dispositive matter, i.e. denial of leave to amend to present a revised theory of litigation that would otherwise be foreclosed in this case.

4. The stay of deadlines in the Amended Case Management and Scheduling Order (Doc. #97) is hereby **lifted** and the following deadlines shall apply for the remainder of the case:

| | |
|---|---:|
| Dispositive motions | January 31, 2017 |
| Meeting In Person to Prepare Joint Final Pretrial Statement | March 6, 2017 |
| Joint Final Pretrial Statement | March 6, 2017 |
| Al Other Motions, including motions *in limine* and trial briefs | March 3, 2017 |
| Final Pretrial Conference Date: Time: Judge: | March 20, 2017 9:00 AM John E. Steele[3] |
| Trial Term Begins | April 3, 2017 |
| Estimated Length of Bench Trial | 3 days |

**DONE and ORDERED** at Fort Myers, Florida, this ___6th___ day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record

---

[3] The case may ultimately be tried by a visiting judge, the Honorable Paul A. Magnuson.