UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOUSTON SPECIALTY INSURANCE
COMPANY,

      Plaintiff,

v.                           Case No: 2:15-cv-219-FtM-29MRM

TITLEWORKS    OF    SOUTHWEST
FLORIDA,    INC.,    MIKHAIL
TRAKHTENBERG,   and   WESTCOR
LAND    TITLE    INSURANCE
COMPANY,

      Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on review of the four

pending motions for summary judgment (Docs. ## 114, 118, 133, 135).

For the reasons that follow, the Court denies the summary judgment

motions as moot without prejudice to refile and, in the interest

of justice, affords Plaintiff the opportunity to file a Third

Amended Complaint, subject to the limitations set forth below.

**I.**

This is a declaratory judgment action arising out of a dispute

over a "prior knowledge" exclusion contained in a professional

liability insurance policy (the Policy) (Doc. #51-1) that

Plaintiff Houston Specialty Insurance Company (Houston) issued to

Defendant Titleworks of Southwest Florida, Inc. (Titleworks) in

2014.  Under the Policy, Houston agrees to defend Titleworks

against, and indemnify Titleworks for, "Claims" arising out of

"Wrongful Acts"[1] occurring between August 2, 2005 and August 2, 2015.[2] (Id. p. 7.) Houston's obligations are not triggered, however, if Titleworks had "knowledge of the actual or alleged Wrongful Act prior to the inception date of th[e] Policy" – August 2, 2014. (Id.) Instead, the Policy relieves Houston's duty to defend against (and indemnify for) any Claim "arising out of, based upon, relating to, or attributable to" a Wrongful Act about which Titleworks "had knowledge prior to the Policy Period[,] if [Titleworks] had a reasonable basis to believe that such Wrongful Act could give rise to a Claim." (Id. pp. 10-11.)

A "Claim" against Titleworks occurred on or around August 14, 2014, when Michael Rich (Titleworks' President and agent) received a copy of the complaint (Doc. #51-2) that Defendant Mikhail Trakhtenberg planned to file against Titleworks in state court (the Underlying Action) accusing Titleworks of negligent failure to disclose title defects and breach of fiduciary duty. According to the complaint - which was filed on August 22, 2014 - Mr. Trakhtenberg engaged Titleworks to perform a title search on, and act as his closing agent for, a piece of real property (the

_____

[1] The Policy defines "Claim" as "a written demand received by [Titleworks] for Damages or non-monetary relief based on any actual or alleged Wrongful Act." (Doc. #51-1, p. 8.) A "Wrongful Act" is "any actual or alleged breach of duty, negligent act, error, omission or Personal Injury offense committed by an Insured solely in the performance of, or failure to perform, Professional Services." (Id. p. 10.)

[2] The Policy Period is August 2, 2014 through August 2, 2015, but the Policy has a retroactive date of August 2, 2005. (Id. p. 3.)

Property) Mr. Trakhtenberg was interested in purchasing. Titleworks failed to uncover (and therefore did not disclose) defects in the Property's title – namely, multiple judgment liens.[3]

Titleworks tendered Houston with a copy of Mr. Trakhtenberg's complaint on or about August 29, 2014. Houston has been providing Titleworks with a defense in the Underlying Action under a reservation of rights but now seeks declarations from this Court, pursuant to 28 U.S.C. § 2201, that (i) "that there is no coverage for the claims alleged against Titleworks in the Underlying Action because Titleworks had actual knowledge of the Claim prior to the Policy Inception date," and (ii) more generally, that it has "no obligation to continue to defend Titleworks in the Underlying Action." [4] (Doc. #51, *ad damnum* clause.)

---

[3] These encumbrances subsequently prevented Mr. Trakhtenberg from closing on an attempted sale of the Property. (Doc. #51-3, p. 4.)

[4] Houston also seeks a declaration that it "is under no obligation to provide a defense or indemnify Titleworks against any claim brought by Westcor." (Doc. #51, *ad damnum* clause.) Defendant Westcor Land Title Insurance Company has a contractual duty to clear clouded title on the Property, pursuant to the terms of a title insurance policy (the Westcor Policy) Westcor issued to Mr. Trakhtenberg. In accordance with that duty, Westcor is representing Mr. Trakhtenberg in a separate lawsuit (Doc. #51-4) that was filed in state court on March 16, 2015 against the Property's lienholders, seeking to quiet title to the Property. A separate agency agreement with Titleworks allows Westcor to recover from Titleworks any amounts paid in connection therewith. Westcor thus has an interest in Titleworks' ability to recover under the Policy. Seeking to protect that interest, Westcor filed a one-count counterclaim (Doc. #57) requesting a declaration that Houston is obligated to indemnify Titleworks for Titleworks' liability to Trakhtenberg and reimburse Westcor for all amounts paid as a result of Titleworks' failure to uncover the liens. No party has moved for summary judgment on that counterclaim.

All parties now move for summary judgment on Houston's declaratory judgment claim. Houston contends that, prior to executing the Policy, Titleworks' knew of a Wrongful Act – the missed liens – and reasonably believed such Act could give rise to a claim. Accordingly, there remains no genuine issue of fact concerning Houston's lack of contractual obligation to defend or indemnify Titleworks.

In seeking summary judgment in their own favor, Defendants have primarily raised grounds of waiver and estoppel. As to waiver, Defendants contend that the operative Second Amended Complaint never alleges that Titleworks had "prior knowledge of a Wrongful Act," as might excuse Houston's obligations; rather, the Complaint alleges only that Titleworks had "prior knowledge of a Claim."[5] Regarding estoppel, Defendants assert that Houston's "Wrongful Act" theory was already "judicially foreclosed" by way of the undersigned's December 6, 2016 Opinion and Order (the December 6 Order) (Doc. #113) adopting the Magistrate Judge's Report (Doc. #108) recommending denial of Houston's Motion for Leave to File a Third Amended Complaint (Doc. #99). Defendants also argue that, even if Houston can pursue a "Wrongful Act" theory, genuine issues of material fact prevent summary judgment on whether the exclusion actually applies.

---

[5] This distinction is important because Titleworks received no written demand (i.e. "Claim") from Mr. Trakhtenberg until after August 2, 2014 and, as such, unquestionably had no "prior knowledge" of any "Claim."

**II.**

**A.  Waiver**

It is true that the operative Second Amended Complaint (Doc. #51) does not expressly allege Titleworks had "prior knowledge of a Wrongful Act."  But these specific words were not needed for Houston to pursue such a theory.  Even in the Twombly/Iqbal era, "[f]ederal pleading rules call [only] for 'a short and plain statement of the claim showing that the pleader is entitled to relief,'; they do not countenance [penalizing a plaintiff] for imperfect statement of the legal theory supporting the claim asserted."  Johnson v. City of Shelby, 135 S. Ct. 346, 346 (2014) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)).  In other words, the pleading obligation Rule 8 imposes is one of including sufficient facts to support a claim, not of alleging all possible legal theories underlying that claim.  Brisk v. Shoreline Found., Inc., 654 F. App'x 415, 417 (11th Cir. 2016) (per curiam) ("A complaint need not specify in detail the precise theory giving rise to recovery." (citing Sams v. United Food & Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989))).  All that Rule 8 requires "is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests."  Id.; see also Hamilton v. Allen-Bradley Co., Inc., 244 F.3d 819, 825 (11th Cir. 2001) (observing that a complaint need only "outline[] sufficient facts to put [the defendant] on notice of [a particular] claim," not contain any "specific words").

The allegations contained in Houston's Second Amended Complaint provide sufficient notice of both Houston's claim (declaratory judgment, based on a lack of contractual obligation to defend or indemnify Titleworks/Westcor pursuant to the Policy's "prior knowledge" exclusion[6]) and the ground on which that claim rests (a July 2014 phone call between Mr. Trakhtenberg and Mr. Rich regarding the missed encumbrances).[7]  Accordingly, the Court rejects Defendants' contention that the "Wrongful Act" theory is not appropriately raised on summary judgment.  See Johnson, 135 S. Ct. at 346-47 (summarily reversing entry of summary judgment against plaintiffs whose complaint did not expressly invoke Section 1983, where complaint adequately alleged factual basis for Section 1983 claim); Hamilton, 244 F.3d at 823-25 (rejecting defendant's waiver argument and reversing grant of summary judgment where "complaint outlined sufficient facts to put [defendants] on notice" that plaintiff was asserting claims for "wrongful termination" and "breach of fiduciary duty"); see also

---

[6] Indeed, the Policy expressly excludes coverage for "prior knowledge of a Wrongful Act that could reasonably give rise to a Claim," not merely for "knowledge of a Claim."  This language is cited (as well as underlined and italicized) in the Second Amended Complaint.  (Doc. #51, p. 6.)

[7] What is more, Defendants' have had actual notice of Houston's "Wrongful Act" theory since at least April 28, 2016 – five weeks before the end of discovery – when Houston filed an Answer to Westcor's Counterclaim asserting the following affirmative defense: "The relief sought in the Counterclaim is unavailable to Westcor because Titleworks had knowledge of the Wrongful Act, as defined by the Policy prior to the inception of the Policy."  (Doc. #65, p. 4.)

<u>Hatmaker v. Mem'l Med. Ctr.</u>, 619 F.3d 741, 743 (7th Cir. 2010) (finding "mistaken" district court's holding that plaintiff's failure to raise "participation" theory of retaliation waived her right to pursue that theory, since complaint did adequately raise "opposition" theory of retaliation).

**B.    Estoppel**

The Court also rejects Defendants' argument that Houston's "Wrongful Act" litigation theory was "judicially foreclosed" when Houston was denied leave to amend.  The two issues squarely before the undersigned when Houston sought to amend for a third time – and those decided by the December 6 Order – were (1) whether Houston's motion to amend was timely, and (2) if not, whether Houston had nevertheless established good cause sufficient to outweigh the potential for prejudice posed to Defendants by allowing amendment to occur on the eve of the dispositive-motion deadline and only a few months out from trial.  The Magistrate Judge recommended answering both of these questions in the negative and denying leave to amend, and the undersigned agreed with, and affirmed, that recommendation.[8]

---

[8] Houston's proposed Third Amended Complaint expressly changed the exclusion theory from one of "prior knowledge of a Claim" to one of "prior knowledge of a Wrongful Act" without any explanation. (<u>See</u> Doc. #113, pp. 4-5 ("The reason articulated to the Magistrate Judge for amending the complaint was to simply add the new lawsuit of Westcor; however plaintiff also elected to add additional language in the proposed document to alter the allegations [regarding knowledge of the Claim].").

Whether - based on the arguments and authority raised in Houston's Motion for Leave to Amend and Defendants' Responses thereto - Houston should have been afforded leave to amend is a different question from the one now before this Court: whether Houston may pursue a "prior knowledge of a Wrongful Act" theory of relief for declaratory judgment, despite the operative complaint's failure to expressly allege that theory.[9]  As just discussed, the answer to that question is yes.

Nonetheless, "for clarification and to ward off further insistence on a punctiliously stated 'theory of the pleadings,'" Johnson, 135 S. Ct. at 347, and since the Court's schedule does not permit trial to be scheduled until December 2017 at the earliest, the Court will sua sponte afford Houston the opportunity to file a Third Amended Complaint, solely for the purpose of alleging a "prior knowledge of Wrongful Act" theory.  The Court will also permit the parties to take limited discovery on this issue, if they so choose.  See Hamilton, 244 F.3d at 827 n.1.

---

[9] The Court acknowledges that, in discussing the appropriate standard under which to review the Report and Recommendation, the December 6 Order seemed to imply that Houston was attempting "to amend to present a revised theory of litigation that would otherwise be foreclosed in this case." (Doc. #113, pp. 5-6 n.2.) However, Defendants' reliance on this incidental remark – or any other similar dictum - for estoppel purposes is inappropriate. The first time this Court was presented with argument and authority on whether Houston is legally permitted to assert a "Wrongful Act" theory, despite not having expressly pled that theory in the operative Second Amended Complaint, was on summary judgment.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff is afforded leave to amend its complaint to allege a "prior knowledge of Wrongful Act" theory **only**. The Third Amended Complaint shall be filed within **FOURTEEN (14) DAYS** of this Order.

2. Plaintiff's Motion for Summary Judgment (Doc. #135) and Defendants' Motions for Summary Judgment (Docs. ## 114, 118, 133) are **DENIED as moot without prejudice to refile.**

3. Limited discovery and an opportunity to file renewed motions for summary judgment will be provided.

4. New dates for the previously-cancelled deadlines (see Doc. #141), including for limited discovery and the filing of new dispositive motions, will be set by separate order.

**DONE and ORDERED** at Fort Myers, Florida, this 15th day of June, 2017.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record